UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL BEARING COMPANY,

       Plaintiff,

    v.

                                     Case No. 10-11142
BAKER BEARING COMPANY, INC.,          Honorable Julian Abele Cook, Jr.

       Defendant and Third Party Plaintiff,

    v.

JACK CHERNEY, UNIVERSAL COUPLING &
POWER TRANSMISSION, LLC, JC REPAIR, and
MICHAEL BRIDGEMAN,

          Third-Party Defendants.

### ORDER

In this case, the Plaintiff, Universal Bearing Company ("Universal Bearing"), seeks to obtain a declaratory judgment that will determine if it has an enforceable contract with the Defendant, Baker Bearing Company ("Baker Bearing"). In a counterclaim and third-party complaint, Baker Bearing has accused the Defendant, Universal Coupling & Power Transmission, L.L.C ("Universal Coupling"), and the other Third-Party Defendants[1] with acts of conversion, theft, and fraud.

Currently before the Court is a motion by Universal Bearing, Cherney, Universal

---

[1]The Third-Party Defendants have been identified as (1) Michael Bridgeman, a former employee of Baker Bearing; (2) Jack Cherney, president of Universal Bearing; (3) Universal Coupling Power Transmission ("Universal Coupling"); and (4) JC Repair.

Coupling, and JC Repair to dismiss the fraudulent concealment count within the first amended counterclaim and third-party complaint.

I.

This dispute arises out of a series of transactions between Bridgeman, Universal Bearing, and Baker Bearing over a period of approximately seven years, dating from 2000 to 2007. Both Universal Bearing and Baker Bearing are in the business of buying bearings for commercial and resale purposes.

Baker Bearing maintains that it had an agreement with Universal Bearing, whereby Bridgeman - in connection with his duties as the manager of its warehouse in Minneapolis, Minnesota - would use his employer's funds to purchase quantities of  bearings which would thereafter be divided between these two business entities. Baker Bearings also asserts that Universal Bearing agreed to reimburse it for its share of the purchases. Universal Bearing denies the existence of such an agreement or understanding.

When Baker Bearing was rebuffed in its efforts to obtain reimbursement for these transactions, Universal Bearing filed this action, seeking a declaratory judgment that would confirm its belief that no contract - as noted above - existed between the two companies. In response, Baker Bearing filed a counterclaim and third-party complaint, in which it accused (1) Universal Bearing and the Third-Party Defendants of conspiring to divert shipments of bearings to Universal Bearing and Universal Coupling, and (2) reselling these parts without its authority or knowledge.

After conducting discovery, Baker Bearing expressed its intent to pursue claims for acts of conversion that had occurred in 2000 or 2001. In response, Universal Bearing and the

Third-Party Defendants requested leave to amend their affirmative defenses to include a statute of limitations defense. This request was referred to a magistrate judge who thereafter permitted Baker Bearing to amend its counterclaim and third-party complaint which would include a claim of fraudulent concealment which, arguably, would potentially toll the statute of limitations. Baker Bearing's amended counterclaim and third-party complaint are the subject of the instant motion.

## II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the plaintiff's well-pleaded allegations as being true and should construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

3

P. 8(a)(2).

A court - when evaluating a motion to dismiss   - should always remember that
"documents attached to the pleadings become part of the pleading and may be considered."
*Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing
Fed. R. Civ. P. 10(c)). "In determining whether to grant a Rule 12(b)(6) motion, a court should
primarily consider the allegations in the complaint, although matters of public record, orders,
items appearing in the record of the case, and exhibits attached to the complaint, also may be
taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis
omitted)). Furthermore, "documents that a defendant attaches to a motion to dismiss are
considered part of the pleadings if they are referred to in the plaintiff's complaint and are central
to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see
also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). It should also be noted that
supplemental documents that are attached to a motion to dismiss do not convert the pleading into
an application for summary judgment in those situations wherein the documents do not "rebut,
challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d
840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D.
Colo. 1989)).

### III.

Here, the moving parties have challenged the efficacy of the amended counterclaim and
the third-party complaint as having been improperly pled because these pleadings have (1)
advanced   fraudulent concealment as a "stand-alone" cause of action for damages rather than as
a means to extend the statute of limitations, and (2) failed to plead those elements of fraud that

pertain to the fraudulent concealment charge with the particularity required by Fed. R. Civ. P. 9(b).

They initially contend that the claim of fraudulent concealment should be dismissed because it was pled as an independent cause of action for which Baker seeks an award of damages. The Court does not find this argument to be persuasive. Therefore, the Court will deny these Movants' motion to dismiss on this ground. A claim of fraudulent concealment is a tolling provision that acts to extend the period in which an action may be filed. *Shember v. University of Michigan Medical*, 760 N.W.2d 699, 706 (Mich. Ct. App. 2008), *vacated on other grounds*, 773 N.W.2d 265 (Mich. 2009). The text of the relevant statute reads as follows:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim . . . the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim . . ., although the action would otherwise be barred by the period of limitations.

Mich. Comp. Laws § 600.5855. Under Michigan law, fraudulent concealment is not an independent cause of action and damages may not be awarded. *Shember*, 760 N.W.2d at 706.

The claim of fraudulent concealment, as pled by Baker Bearing, includes boilerplate language that - arguably- could be interpreted as constituting a request for damages. However, Baker Bearing maintains that this interpretation is not its intent. Moreover, both the Court and the parties are well aware that the only available remedy for such a claim is a tolling of the statute of limitations. Accordingly, the Court will interpret the relevant language as a request to toll the limitations period.

Next, these Movants submit that this claim of fraudulent concealment must be dismissed

pursuant to Fed. R. Civ. P. 9(b) and Mich. Comp. Laws § 600.5855 because the complainant has (1) failed to point out, with any degree of particularity, that the actions taken by Universal Bearing, Jack Cherney, or Universal Coupling have concealed the alleged conversion, and (2) impermissibly lumped all of the parties together instead of alleging specific acts of conduct by each individual party. Baker Bearing disagrees, contending that its allegations of fraudulent concealment have been pled with sufficient detail to provide the opposing parties with a reasonable opportunity to mount a competent defense.

Under Michigan law, "[t]he plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Sills v. Oakland General Hospital*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996). Thus, a plaintiff "must prove that the [D]efendant[s] committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient." *Id.*

Fed. R. Civ. P. 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In order to satisfy this obligation of particularity, a plaintiff is required "at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotation marks and citation omitted); *see also Frank v. Dana Corp.* 547 F.3d 564, 570 (6th Cir. 2008) (describing particularity requirement of Rule 9(b) as specifying (1) alleged fraudulent statements, (2) speaker of statements, (3) where and when statements were made, and (4) why statements

were fraudulent); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006)

(Rule 9(b) requires that "plaintiff specify the who, what, when, where, and how of the alleged

fraud" (internal quotation marks omitted)).

Moreover, this Rule 9(b) also requires that the complainant plead with particularity the

acts of concealment, which include the following: "(1) wrongful concealment of their actions

by the defendants; (2) failure of the plaintiff to discover the operative facts that are the

basis of his cause of action within the limitations period; and (3) plaintiff's due diligence

until discovery of the facts." *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 851 (6th

Cir. 2006). In order to establish its performance of due diligence, a plaintiff must "fully

plead the facts and circumstances surrounding [its] belated discovery 'and the delay

which has occurred must be shown to be consistent with the requisite diligence.'" *Dayco v.*

*Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975) (quoting *Wood v. Carpenter*, 101

U.S. 135, 143 (1879)).

The allegations within the complaint must inform each individual defendant separately of

the specific acts of which he is accused. *United States ex re. Bledsoe v. Cmty. Health Sys.*, 342

F.3d 634, 643 (6th Cir. 2003) ("A complaint 'may not rely upon blanket references to acts or

omissions by all of the "defendants," for each defendant named in the complaint is entitled to be

apprised of the circumstances surrounding the fraudulent conduct with which he individually

stands charged.'").

The fraudulent concealment exception is only enforced against those persons who

committed the acts to conceal the challenged acts. *See Stoneman v. Collier*, 288 N.W.2d 405, 407

(Mich. Ct. App. 1979) ("[T]he fraudulent concealment act does not operate against persons who

do not participate in the concealment.").

In this case, Baker Bearing's counterclaim and third-party complaint has failed to allege with the required particularity (1) the acts of fraud which concealed the theft or (2) its due diligence, if any, and the circumstances surrounding the discovery of the fraud. Baker Bearing contends that this action was such a complex and far-reaching fraudulent scheme, that - as the injured party in this action - it need not state with particularity all of the fraudulent acts over the course of the scheme, "but must nevertheless include specific examples . . . illustrative of the class of all claim [or acts] covered by the fraudulent scheme." *United States ex rel Snapp, Inc. v. Ford Motor Co.*, 618 F.3d 505, 510 (6th Cir. 2010) (internal quotation marks and citation omitted). Baker Bearing maintains that it has provided the requisite examples of the fraudulent scheme, about which it has complained. The Court disagrees. The Sixth Circuit requires that characteristic examples of fraudulent acts must be pled with specificity. *Id.* Although Baker Bearing has pointed to several examples of the types of the fraudulent acts that were purportedly committed by the Movants, it does not provide specific information regarding the date, place, and specific content of any individual act of fraud. Moreover, the allegations have failed to differentiate the fraudulent acts among the various Defendants. General allegations which lump the parties together are not sufficiently particularized. *United States ex rel. Bledsoe*, 342 F.3d at 643. While the existence of a complex scheme of fraud may relieve Baker Bearing of the responsibility to plead every instance of fraud with particularity, it does not absolve it of the responsibility to advance at least some characteristic examples with particularity.

Baker Bearing argues that the necessary details are included in a chart which describes the date and location of each auction at which the Movants purportedly acted to wrongfully siphon

its inventory. However, this chart only identifies the alleged acts of conversion. Baker does not set forth any facts which purportedly link the information in the chart with the various alleged acts of concealment.

Furthermore, some of the alleged acts of concealment are - standing alone - insufficient to support a claim of fraudulent concealment. For example, Baker Bearing submits that it was never alerted by Universal Bearing to Bridgeman's alleged sale of the challenged products. However, the law in Michigan does not recognize an alleged failure to inform as a wrongful act which supports such a claim of fraudulent concealment. *Sills v. Oakland Gen. Hosp.*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996) ("The plaintiff must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient."). Another example is the allegation that the Movants stored converted goods at the Universal Bearing warehouse. The storage of goods appears to be an act which is presumptively designed to aid in the theft and subsequent sale of those goods - but  not necessarily an act or misrepresentation that is designed to evade discovery. Baker Bearing points to several acts by Bridgeman which could potentially support a claim of fraudulent concealment. According to Baker Bearing, he allegedly (1) failed to issue purchase orders for goods purchased at auction; (2) forged posting logs and inventory sheets; and (3) made misrepresentations that the purchased goods had been stored in its warehouse. However, even if these acts are sufficient to establish a cause of action (i.e., fraudulent concealment) against Bridgeman, none of them will serve to toll the statute of limitations against the Movants. *See Stoneman*, 288 N.W.2d at 407.

Finally, Baker Bearing has not alleged any facts which surround the circumstances of the

9

discovery of the fraud. Rather, it has simply acknowledged that it "finally discovered certain unexplained irregularities in 2009." This single statement does not offer the Court any insight into how the conversion was concealed or whether the discovery could have been made earlier. *See Dayco*, 523 F.2d at 394. The lack of specificity surrounding the discovery makes it difficult for the Court to determine whether the alleged acts of concealment indeed served to delay Baker Bearing's awareness of the claimed fraud. As is apparent from a recitation of the applicable case law, Baker Bearing must allege a sufficiency of facts which would indicate that due diligence could not have uncovered the conversion at an earlier date. *See Evans*, 434 F.3d at 851.

Although Baker Bearing's claim of fraudulent concealment must be dismissed, it will be provided with an opportunity to amend its claim to include the requisite particularity. This dismissal is without prejudice. *See   U.S. ex rel. Bledsoe*, 342 F.3d at 644 ("[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."); *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010) ("[D]ismissal with prejudice on the basis of failure to plead with particularity ordinarily should be done only after the plaintiff has a chance to seek leave to amend the complaint.").

## IV.

For the reasons that have been set forth above, the Court grants the Movants' motion to dismiss the fraudulent concealment claim within Baker Bearing's first amended counterclaim and first amended third-party complaint (ECF No. 74). Finally, Baker Bearing shall have a period of 30 days hereinafter in which to refile its fraudulent

concealment claim.


       IT IS SO ORDERED.


Date: March 25, 2013                                s/Julian Abele Cook, Jr.
                                                 JULIAN ABELE COOK, JR.
                                                 U.S. District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 25, 2013.


                                            s/ Kay Doaks
                                            Case Manager